SETH WEBB *vs.* JOANNA H. GROSS and another.

Hancock.    Opinion March 3, 1887.

*Executors and administrators.    Insolvent estates.    R. S., c. 66 § 21.    Damages.*

An action lies on an administrator's bond for failure to present an account for settlement within six months after a report is made by commissioners of insolvency.

If the defense relied upon in such an action is, that the estate was not sufficient to pay for more than the expenses of administration and claims of the privileged classes, it cannot prevail, when the case does not disclose that there would be nothing for the common creditors after converting the real estate into assets.

Unless some actual injury has been sustained only nominal damages can be recovered in such an action.

The rule that there has been no breach of an administrator's bond until he has been cited to render an account does not apply to insolvent estates.

*Dickinson* v. *Bean*, 11 Maine, 50, modified.

ON REPORT.

This is an action, brought by the judge of probate for Seth Webb, of debt on the bond of the administratrix upon the estate of William Whitmore.    The report says that, " The inventory showed real estate appraised at $125, but no personal property. The estate was represented insolvent, and commissioners were appointed, who allowed Seth Webb's claim of $1198.96.    This report was accepted at the December term, 1882.    The administratrix did not settle, nor file any account within six months thereafter, nor did she obtain any order of allowance of further time from the judge.    At the April term, 1885, after this suit had been entered in court, she settled an account before the judge of probate, which account shows a balance due her of $29, the assets, according to her account not being sufficient to pay the costs of the administration.    Webb duly demanded of the administratrix his dividend or claim."

*Hale and Hamlin* for plaintiff.

Failure to render an account within six months after the commissioners' report was made, was a breach of defendant's bond.    R. S., c. 66, § 21.

Judgment should be for the penalty of the bond and execution should issue for the amount of debt and costs. This was squarely decided in *Dickinson* v. *Bean,* 11 Maine, 51, and never overruled.

The decision of *Dickinson* v. *Bean* is supported by *Cony, Judge,* v. *Williams* 9 Mass. 114.

*George M. Warren* for defendant.

The representation of insolvency and appointment of commissioners was unnecessary as there were no assets to pay creditors of the fifth class. It was mere surplusage in the administration. The plaintiff was not injured by it and the administratrix is not liable on her bond. R. S., c. 66, § 2 ; 4 Mass. 625.

The whole estate consisted of real property, and that being so the administratrix was not liable for not settling or filing an account within six months from acceptance of report of commissioners. That liability pertains to personal estate only. *Butler* v. *Ricker,* 6 Maine, 268 ; *Eaton* v. *Brown,* 8 Maine, 22.

The administration bond does not cover real estate, and real estate is all there is in this case. Action cannot be maintained. See form of bond, Waterman's Probate Practice, p. 50.

PETERS, C. J. The principal defendant is an administratrix on an insolvent estate, which had not personal property enough to pay the expenses of administration. The inventory showed no personal assets, but returned real estate valued at $125. The inquiry is whether an action can be maintained on the bond of the administratrix for her failure to settle an account within six months after a report was made by the commissioners of insolvency.

The administratrix contends that she is protected from liability by the statute (R. S., c. 66 § 2,) which provides that, where an estate is not sufficient to pay more than the expenses of administration and claims of the privileged classes, an administrator is exonerated from making a representation of insolvency. The statute relied on is not quite applicable to the facts of the present case. It was necessary to render an account or report

of some kind, from which to ascertain whether the real estate should or not be sold for the payment of debts. The case does not disclose that there would be nothing for the common creditors after converting the real estate into assets.

The next ground taken in defense is that no action can be maintained on the bond until the administratrix had been cited by the probate court to render an account; the defendants, in support of this position, relying on R. S., c. 72, § 16, and on several reported cases among which is that of *Gilbert* v. *Duncan*, 65 Maine, 469. An examination of the cases referred to discloses that all of them involved the settlement of solvent estates, — not insolvent estates. It may not be easy to appreciate any reason for the distinction, but it was one of the rigors of the old common law, and finds a survival in § 21, c. 66, R. S., which declares that it shall be a breach of his bond for an administrator to neglect to settle his account for more than six months after the report on claims is made. The terms of the statute are absolute. *Dickinson* v. *Bean*, 11 Maine, 50.

What must the damages be? The plaintiff contends that his whole debt is recoverable, about $1200, and cites the case of *Dickinson* v. *Bean*, *ante*, in support of his contention. Such would, no doubt, be the result if the doctrine of that case held good at this late day. But that case was determined under the statute of 1821, which is worded very differently from the statute of to-day. That statute, founded on the older Massachusetts enactments, relentlessly demanded payment of a creditor's whole debt for what might be no more than a technical shortcoming of the administrator. This terrible penalty was, however, abolished by an act passed on February 26, 1833. The present statute merely prescribes the duty but affixes no penalties for a breach.

In the present instance the damages must be nominal. No one sustains any real injury. It is a technical default only. The judgment must be for the amount of the penalty of the bond; execution to issue for one dollar damages.

*Defendants defaulted.*

WALTON, DANFORTH, EMERY, FOSTER AND HASKELL, JJ., concurred.